IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Peoples, ) | C/A No.: 1:10-106-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Lt. Daryl King; Sgt. Samuel Johnson; ) | |
| Nurse Sandra Jones, Ofc. NFN ) | |
| Goodwin; Sgt. Terrence Forde; Lt. ) | |
| Classes Thompson; Cpl. Dessirene ) | |
| Lloyd; Ofc. Monique Steward; Ofc. ) | |
| Michael Lawrence; Ofc. Deborah Coles; ) | |
| Capt. David Nunnaly; Warden Stan ) | |
| Burtt; Assoc. Warden McKither ) | |
| Bodison; Assoc. Warden Fred ) | |
| Thompson; Major Adrian Martell; Cpl. ) | |
| NFN Johnson; Ofc. Cleman Drew IV; ) | |
| Lt. R. Steward, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding pro se, has alleged violations of his constitutional rights, which are construed as brought pursuant to 42 U.S.C. § 1983. Before the court are the following motions: (1) Plaintiff's Motions to Amend the Complaint [Entry #73]; and (2) Defendant's Motion to Dismiss [Entry #79]. All pretrial proceedings in this case were referred to the undersigned magistrate judge pursuant to the provisions of Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I.    Factual and Procedural Background

Plaintiff complains that in early February 2007, defendant Goodwin, a correctional officer employed by the South Carolina Department of Corrections ("SCDC") at Lieber

Correctional Institution ("LCI"), told Plaintiff that he would pay inmate Russell Dawson to hurt Plaintiff. Am. Compl., ¶ 1 [Entry #36]. Plaintiff avers that on February 25, 2007, Goodwin again threatened him and Plaintiff began to fear for his safety. *Id.* at ¶ 2. He alleges that he reported the incidents to Goodwin's supervisor, as well as to defendants Nettles and Burtt, but that they took no action. *Id.* at ¶ 3. Plaintiff alleges Goodwin gave Plaintiff's personal mail to another inmate on March 15, 2007. When Plaintiff complained, Goodwin threw the mail on the floor and kicked it under his cell door. *Id.* at ¶ 5. Additionally, Plaintiff alleges Goodwin then offered to pay Dawson to hurt Plaintiff. *Id.* After this incident, Plaintiff sent a Request to Staff form to Nettles, Bodison and Burtt. *Id.* at ¶ 6. According to the complaint, Burtt forwarded a copy of the Request to Staff to SCDC Institutional Investigator Merv Powell, but no investigation was conducted. *Id.*

Plaintiff contends that Goodwin continued to makes similar threats, and Plaintiff continued to report them to prison officials. Am. Compl., ¶ 8. Plaintiff complains that during September 2007, "a physical altercation took place" between him and Dawson while they were being escorted to the shower together. *Id.* at ¶ 9. The incident resulted in a separation order instructing all officers that Plaintiff and Dawson were not to be outside of their cells at the same time. *Id.* at ¶ 10. Plaintiff sent a Request to Staff form to defendants Burtt, Thompson, Boddison, and Nunnally, requesting to be transferred from LCI, and he became frustrated when he did not receive a response. *Id.* at ¶ 11.

Plaintiff alleges that on November 24, 2007, while out of his cell receiving a shave, Dawson attacked him. *Id.* at ¶ 12. Plaintiff claims his shoulder and chest were hurting from the attack and he requested to see medical, but was refused. *Id.* Plaintiff complains that he was forced to defend himself from Dawson, but was convicted of a disciplinary infraction for fighting without a weapon; he admits the charge was eventually overturned. *Id.* Plaintiff submitted Request to Staff forms regarding the "breach of security" and is dissatisfied with the lack of action taken in response. Plaintiff states he was seen by medical on December 4, 2007 for injuries related to the attack, but alleges Nurse Jones failed to document his complaints of chest and shoulder pain. *Id.* at ¶ 16.

Plaintiff next complains that his January 6, 2008 request to move to a cell two doors down was denied. *Id.* at ¶ 20. Plaintiff was transferred to another institution in March of 2008 for court and was returned to LCI in April 2008, at which time he was placed in a two-man cell. *Id.* at ¶ 21. After Plaintiff began having problems with his cellmate, he was transferred to his original cell next to Dawson. *Id.* Plaintiff complains that there was water on the cell floor because the prior inmate had flooded the cell with toilet water. *Id.* Plaintiff alleges the cell assignment was a result of retaliation. *Id.*

On August 22, 2008, Plaintiff alleges he was taken to the shower where he heard Dawson talking to officials. *Id.* at ¶ 26. Plaintiff reminded the officers there was a separation order for him and Dawson, but alleges no action was taken. *Id.* Dawson finished showering and was escorted back to his cell by defendant Drew. *Id.* When Plaintiff finished showering, Drew informed him that Dawson had gone inside Plaintiff's

3

cell and taken some folders from his legal box. *Id.* According to Plaintiff, Drew explained that he was able to get some of the property back, but instructed Plaintiff to inventory his property to determine whether he was missing any items. *Id.* Plaintiff noticed three family photos and some legal materials were missing and informed Drew of the same, who notified Cpl. Johnson, Sgt. Johnson, and Steward. According to Plaintiff, the officers asked Dawson to return the property, but did nothing when he refused. *Id.* at ¶ 28. Plaintiff alleges Dawson taunted him by claiming he masturbated with the family photos and flushed the legal materials down the toilet. *Id.* Plaintiff alleges that as a result, he suffered from anxiety and depression and his mental health medicine was increased. *Id.* On October 2, 2008, Plaintiff was moved down the hall into another cell and was subsequently transferred to Perry Correctional Institution. Plaintiff states that his stolen property has not been returned.

II. Discussion

    A. Plaintiff's Motions to Amend the Complaint

Plaintiff seeks to amend his complaint in order to: (1) dismiss Ofc. Deborah Coles as a party; (2) add the first names of defendants Goodwin, Johnson, and Steward; (3) add additional facts to explain his claims; and (4) add claims for failure to protect, unsafe living conditions, and violation of his Eighth Amendment rights. Defendants filed no response in opposition.

Rule 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party and that "leave shall be freely given when justice so

requires." Fed. R. Civ. P. 15(a). The courts have interpreted Rule 15(a) in accord with that spirit. *Justice v. Pennzoil Co.*, 598 F.2d 1339, 1354 (4th Cir. 1979); *Frankel v. Kurtz*, 239 F. Supp. 713, 716 (D.S.C. 1965); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1487 (3d. ed. 2005). A motion to amend should be denied only when it would be prejudicial, there has been bad faith, or the amendment would be futile. *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001). The undersigned recommends that the proposed amendments should be allowed because they are not futile or prejudicial and no showing of bad faith has been made.

    B.    Motion to Dismiss

        1.    Standard Of Review

When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a

cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

    2.    Analysis

In their motion to dismiss, Defendants argue Plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a § 1983 action concerning his confinement. Specifically, 42 U.S.C.A. § 1997(e) states: "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In *Porter v. Nussle*, 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. In *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper exhaustion." *Id*. The Court stated that "[a]dministrative law requires proper exhaustion of administrative remedies which means using all steps that the agency holds out, and doing so properly." *Id*. (Internal quotations and citations omitted). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. *Id.*

This court can take judicial notice from the numerous other prison filings in this District that the SCDC has a two-step grievance process, whereby an inmate dissatisfied with the results of his Step 1 grievance can then file a Step 2 grievance via the institutional grievance coordinator. If the inmate is then dissatisfied with the results of his Step 2 grievance, he can then appeal to the South Carolina Administrative Law Court ("ALC"). For purpose of exhaustion of administrative remedies so as to pursue a § 1983 claim in federal court, an inmate does not ordinarily need to pursue his administrative remedies past the Step 2 grievance decision. *See Johnson v. Ozmint*, 567 F.Supp.2d 806, 820, n. 5 (D.S.C. 2008); *Duncan v. Langestein*, No. 07-268, 2008 WL 153975 at *5 (D.S.C. Jan. 14, 2008) (citing *Charles v. Ozmint*, No. 05-2187, 2006 WL 1341267 at *4 n. 4 (D.S.C. May 15, 2006) (recognizing that completion of Step 2 grievance exhausts administrative remedies and § 1997(a) does not require inmates to further appeal to ALC.); *Ayre v. Currie*, No. 05-3410, 2007 WL 3232177 at *7 n. 5 (D.S.C. Oct.31, 2007). Rather, if the prisoner is not satisfied with the response of the Step 2 SCDC official, he may then file a complaint in federal court about the matters raised in his grievance.[1]

---

[1] If, however, a prisoner wishes to attack a conviction or sentence imposed by a prison disciplinary official, he or she must exhaust both steps of the prison grievance process and also appeal the Step 2 decision to the state ALJ Division before his remedies may be said to be exhausted. *See* SCDC Inmate Grievance System Procedures Issued 1-1-2006, Numbers 13.7-13.9 (requiring the inmate to appeal the result of a disciplinary hearing to the ALC); *Furtick v. South Carolina Dep't of Corr.*, 649 S.E.2d 35 (S.C. 2007); *see also Dicks v. South Carolina Dep't of Corr.*, No. 9:06-cv-663-HFF-GCK, 2006 WL 1207851 at *3 (D.S.C. 2006). *Cf. Braden v. 30th Judicial Circuit Ct.*, 410 U.S. 484, 490–91 (1973).

In support of their argument, Defendants attach the affidavit of Mary Coleman SCDC Grievance Branch Chief. In the affidavit, Coleman lists five grievance numbers filed by Plaintiff and the status of each, ranging from Plaintiff's failure to resubmit a grievance returned as unprocessed to Plaintiff's completion of the Step 2 grievance level.

However, no copies of the grievances are attached to the motion or to Coleman's affidavit. Additionally, the affidavit does not specify which grievance numbers refer to particular incidents described in the complaint. Therefore, it is impossible for the court to determine what incidents have been grieved. Although Plaintiff filed a response to Defendants' motion to dismiss [Entry #89], arguing that he had exhausted his administrative remedies, he states that he was unable to attach the grievances because Defendants failed to produce them in response to his requests for production. "An inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005). Therefore, because the undersigned is unable to determine from the record whether Plaintiff has exhausted his administrative remedies, it is recommended that Defendants' motion to dismiss be denied.

III.    Conclusion

Based on the foregoing reasons, the undersigned recommends Plaintiff's Motion to Amend the Complaint [Entry #73] be granted and Defendants' Motion to Dismiss [Entry #79] be denied.

IT IS SO RECOMMENDED.

January 4, 2011　　　　　　　　　　　　　　Shiva V. Hodges
Florence, South Carolina　　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**