IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Robert Peoples, ) | C/A NO. 1:10-106-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Lt. Daryl King; Sgt. Samuel Johnson; ) | |
| Nurse Sandra Jones, Ofc. NFN Goodwin; ) | |
| Sgt. Terrence Forde; Lt. Classes Thompson; ) | |
| Cpl. Dessirene Lloyd; Ofc. Monique ) | |
| Steward; Ofc. Michael Lawrence; ) | |
| Ofc. Deborah Coles; Capt. David Nunnaly; ) | |
| Warden Stan Burtt; Assoc. Warden ) | |
| McKither Bodison; Assoc. Warden Fred ) | |
| Thompson; Major Adrian Martell; Cpl. ) | |
| NFN Johnson; Ofc. Cleman Drew IV; ) | |
| Lt. R. Steward, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On January 4, 2011, the Magistrate Judge issued a Report recommending that Plaintiff's motion to amend be granted and that Defendants' motion to dismiss be denied. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Defendants filed objections to the Report on January 14, 2011.

1

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Defendants' objections, the court agrees with the Report and its conclusions. Therefore, the court adopts and incorporates the Report by reference in this order.

Defendants contend in their objections that Plaintiff's complaint evinces his failure to exhaust his administrative remedies on its face. Initially, the court notes that it is not clear from the record how many grievances may or may not have been filed relating to the matters alleged in this complaint. Defendants present evidence that there were five grievances filed; Plaintiff contends there were more than five. Even assuming more than five grievances were filed, however, exhaustion is an affirmative defense "to be pleaded *and proven by the defendant*." *Anderson v. XYZ Corr. Health Svcs.*, 407 F.3d 674, 683 (4th Cir. 2005) (emphasis added). The undersigned agrees with the Magistrate Judge that the record as it now exists fails to establish that Plaintiff has failed to exhaust his administrative remedies.

Defendants also argue that even if Plaintiff had correctly pursued grievances related to the allegations contained in the complaint through "Step 2" of the South Carolina Department of Corrections (SCDC) Inmate grievance process, he did not seek review in the South Carolina Administrative Law Court (ALC), and therefore, according to the SCDC Inmate Grievance Policy, he has not "fully exhausted" his administrative remedies.

The SCDC Inmate Grievance Policy attached to Defendant's motion to dismiss lists five (5)

categories of inmate grievances that may be reviewed by the South Carolina ALC as a necessary step for "proper" exhaustion of administrative remedies. *See* Dkt. #79-2 at 13 (filed June 21, 2010). However, without reviewing copies of the grievances, it is not clear that Plaintiff's grievances would have fallen into the categories delineated by the policy as appealable to the South Carolina ALC, nor is the evidence currently in the record conclusive that the policy in effect at the time of the alleged incidents still listed the same five categories of grievances appealable to the South Carolina ALC.[1]

For these reasons, Defendants' motion to dismiss is **denied**. Plaintiff's motion to amend (Dkt. #73, filed May 12, 2010) is **granted**. This matter is returned to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

                                                            s/ Cameron McGowan Currie
                                                            CAMERON MCGOWAN CURRIE
                                                            UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 31, 2011

C:\Documents and Settings\moc41\Local Settings\Temp\notesFFF692\10-106 Peoples v. King gr m amd d m to dism recommit to USMJ.wpd

---

[1] The Inmate Grievance Policy attached to Defendants' motion is dated August 1, 2004. *See* Dkt. #79-2 (filed June 21, 2010). However, the Report references a later-issued policy which, it appears, is not a part of this record. *See* Report and Recommendation at note 1 (citing an Inmate Grievance Policy Issued 1-1-2006).